# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMAL CHAPMAN | : | |
| Plaintiff | : | |
| v | : | Civil Action No. PJM-04-4034 |
| MARYLAND CORRECTIONAL ADJUSTMENT CENTER, *et al.* | : | |
| | : | |
| Defendants | | |

.o0o.
## MEMORANDUM

In the above-captioned civil rights complaint, filed December 27, 2004, Plaintiff claims that he was denied proper medical care for chronic pain caused by a stab wound to his chest. Now pending is Defendants' Motion to Dismiss or in the alternative for Summary Judgment. Paper No. 16. Plaintiff has filed an Opposition to Defendants' Motion, as well as a Motion for Default Judgment.[1] Papers No. 20 and 21. Upon review of the papers filed, this Court finds that a hearing in this case is not necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth more fully below, Defendants' Motion for Summary Judgment will be granted.

### Background

Plaintiff asserts that he needs a TENS unit[2] to relieve tension that has built up in his chest muscle asa result of a stab wound. Paper No. 1. He claims he was denied this treatment at "MTC in Baltimore

---

[1] Plaintiff's Motions for Default Judgment are based upon his view that the answer was due on May 9, 2005. Papers No. 12 and 21. This Court, however, granted Defendants' Motions for Extension of Time and the responsive pleading was filed in a timely manner. Plaintiff's Motions for Default will, therefore, be denied.

[2] Transcutaneous Electrical Nerve Stimulation unit.

City; Regional Hospital for MCAC Inmates." *Id*.  Plaintiff does not elaborate beyond his statement that he needs the unit for pain management.  There is no indication in the Complaint that the unit was prescribed by a doctor for treatment of his condition.

Defendants submit numerous medical records[3] indicating that Plaintiff has been provided with ongoing treatment for his condition.  Paper No. 16 at Ex. A.  The record reflects that Plaintiff was seen on numerous occasions regarding his complaint that the scar on his chest was causing him pain.  In response to his complaints, medical staff ordered an x-ray of his chest on three different occasions.  *Id*. at pp. 304, 305, and 307.  The only abnormality noted on the x-ray reports is "pleural density or thickening along the interior 1/3 of sternum." *Id*. at p. 305. The same report, however, indicates that "the bone itself appears intact." *Id*.  Plaintiff was provided physical therapy in an effort to relieve the pain he was experiencing.  *Id*. at 167, 170, and 291.  Plaintiff requested a TENS machine for physical therapy on several occasions and the request was considered by medical staff but ultimately determined to be unnecessary for treatment of his pain.  *Id*. at pp. 89 and 98.

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be

---

[3] Most of the 308 pages of medical records submitted as exhibits concern matters irrelevant to the issue *sub judice*.

resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

**Analysis**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003), *citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In order to state an Eighth Amendment claim for denial

of medical care, Plaintiff must demonstrate that the action (or inaction) of Defendants amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, Plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), *quoting Farmer,* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk defendant actually knew at the time. *Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000); *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

In response to the Motion for Summary Judgment, Plaintiff simply insists that nothing was done to relieve his pain and that the medical records submitted by Defendants were altered. Paper No. 20 at p. 2. Despite Plaintiff's beliefs to the contrary, the record establishes that his complaints were addressed by medical staff. The failure to provide Plaintiff with a TENS unit is not a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, because Plaintiff's disagreement with the course of treatment provided is insufficient to form the basis for a constitutional claim. Accordingly, Defendants are entitled to summary judgment in their favor. A separate order follows.

/s/<br>PETER J. MESSITTE<br>UNITED STATES DISTRICT JUDGE

August 1, 2005