# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMAL CHAPMAN, | : | |
| Plaintiff | : | |
| v | : | Civil Action No. PJM-04-4034 |
| MARYLAND CORRECTIONAL ADJUSTMENT CENTER, *et al.*, | : | |
| | : | |
| Defendants | | |

.o0o.

## MEMORANDUM

On August 1, 2005, this Court granted summary judgment in favor of Defendants in the above-captioned case. Papers No. 23 and 24. On the same day, Plaintiff filed a Motion to Add Argument. Paper No. 22. The motion shall be construed as a motion to alter or amend pursuant to Fed. R. Civ. Proc. 59(e)[1]. Because the additional information provided by Plaintiff does not warrant a change in this Court's analysis, the motion shall be denied.

"Athough Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, we have previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See EEOC v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir.1997)*; *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993). Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate

---

[1] Plaintiff filed a timely opposition to the motion for summary judgment. Paper No. 20.

proceedings."*Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. *See Russell*, 51 F.3d at 749; *Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir.1993); *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir.1992); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990); *see also In re: Reese*, 91 F.3d 37, 39 (7th Cir.1996) ("A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.' ") (quoting *Frietsch v. Refco, Inc*., 56 F.3d 825, 828 (7th Cir.1995)); 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir.1996) (quoting *RGI, Inc. v. Unified Indus., Inc*., 963 F.2d 658, 662 (4th Cir.1992)).

In his motion, Plaintiff claims that he was denied physical therapy from January 5, 2001 to March 12, 2002, when he was referred for physical therapy by Dr. Elgrath. Paper No. 22. Additionally he claims that Defendant Kelly Martin denied him access to a doctor during that time which caused the delay in receiving physical therapy. *Id*. In granting Defendants Motion for Summary Judgment, this Court found that Plaintiff failed to establish that the denial of his requests for physical therapy, including the use of a TENS unit, was sufficient to state a constitutional claim. Paper No. 23. Plaintiff's claim that he was not provided treatment for his pain is belied by the record in this case, which establishes the medical staff's

attempts to address the issues raised by Plaintiff. The information provided by Plaintiff in the Motion to Alter or Amend does nothing to refute those factors. Accordingly, by separate order which follows, the motion shall be denied.

| | |
|---|---|
| 8/4/05 | /s/ |
| Date | PETER J. MESSITTE |
| | UNITED STATES DISTRICT JUDGE |